NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOHRAB HAROONIAN, Plaintiff-Appellant, v. COMMITTEE OF BAR EXAMINERS; et al., Defendants-Appellees. | No.  16-56035 D.C. No. 2:16-cv-02995-VBF-SS MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Sohrab Haroonian appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising out of

his failure to pass the California Bar Exam.  We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (application of the *Rooker-Feldman* doctrine); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on the basis of Eleventh Amendment immunity). We affirm.

The district court properly dismissed Haroonian's claims for damages against the State Bar of California and the Committee of Bar Examiners because those defendants are entitled to Eleventh Amendment immunity. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (suit against the Board of Governors of the California Bar and the Committee of Bar Examiners is barred by the Eleventh Amendment).

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine over Haroonian's declaratory relief claim because his claim amounted to a "forbidden de facto appeal" of the California Supreme Court's denial of Haroonian's application for admission to the state bar. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine); *see also Dist. of Columbia Court of Appeals v.*

2                                                                16-56035

*Feldman*, 460 U.S. 462, 486 (1983) (district court lacks jurisdiction over challenge to denial of bar admission, which is a challenge to a state court decision).

**AFFIRMED.**